NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*

*v.*

BARON SYLVESTER GREEN, II, *Appellant*.

No. 1 CA-CR 13-0702
FILED 07-24-2014

Appeal from the Superior Court in Mohave County
No. S8015CR201300259
The Honorable Rick A. Williams, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Mohave County Legal Advocate, Kingman
By Jill L. Evans
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Jon W. Thompson joined.

---

**B R O W N**, Judge:

¶1            Barron Sylvester Green II appeals his conviction and sentence for tampering with physical evidence. Counsel for Green filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), advising that after searching the record on appeal, she was unable to find any arguable grounds for reversal. Green was granted the opportunity to file a supplemental brief *in propria persona*, but he has not done so.

¶2            Our obligation is to review the entire record for reversible error. *State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999). We view the facts in the light most favorable to sustaining the conviction and resolve all reasonable inferences against Green. *State v. Guerra*, 161 Ariz. 289, 293, 778 P.2d 1185, 1189 (1989). Finding no reversible error, we affirm.

¶3            The State charged Green with one count of tampering with physical evidence, a class 6 felony, in violation of Arizona Revised Statute section 13-2809, which states that "[a] person commits tampering with physical evidence if, with the intent that it be . . . unavailable in an official proceeding which . . . such person knows is about to be instituted, such person . . . [d]estroys, mutilates, alters, conceals or removes physical evidence with the intent to impair its verity or availability[.]" The following evidence was presented at trial.

¶4            On October 13, 2012, Green was serving a prison sentence in Kingman. Corrections Officer Jaromscak entered "Pod C" to awaken an inmate who was assigned to be a "tool porter." Jaromscak heard Green yell "One Time," which is slang used to notify other inmates that a guard is entering, and Jaromscak noticed Green was focused on inmate D.W. Believing there might have been something occurring with a cell phone, Jaromscak left the pod and asked for assistance from two other officers. When Jaromscak conducted a "pat search" of D.W., a cell phone dropped out of his pant leg. D.W. immediately tried to hit one of the officers while

at the same time he kicked the phone and it landed near Green. Jaromscak saw Green grab the cell phone and run toward the bathroom, where he throw the phone in the toilet and flushed it repeatedly. The officers were unable to locate the phone.

**¶5**        Jaromscak testified that all inmates are notified at "orientation" that cell phones are considered "dangerous contraband," and any inmate that is found in possession of a cell phone can be charged with "extra time."

**¶6**        A jury found Green guilty as charged and the trial court determined the State proved its allegation that Green had a prior felony conviction. The court then sentenced Green to a mitigated sentence of one and one-quarter years' imprisonment, to be served consecutively to the sentence he was already serving. This timely appeal followed.

**¶7**        We have searched the entire record for reversible error and find none. All of the proceedings were in accordance with Arizona Rules of Criminal Procedure. The record shows Green was present at all pertinent proceedings, was represented by counsel, and that the evidence presented at trial supports the conviction. Green had an opportunity to speak before sentencing, and the sentence imposed was within the statutory limits. Accordingly, we affirm Green's conviction and sentence.

**¶8**        Upon the filing of this decision, counsel shall inform Green of the status of the appeal and his options. Defense counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Green shall have thirty days from the date of this decision to proceed, if he so desires, with a *pro per* motion for reconsideration or petition for review.

